**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1458
_____

LANDOR VALLEJO AMORES,
                                    Appellant

v.

DIRECTOR NEWARK NEW JERSEY FIELD OFFICE IMMIGRATION & CUSTOMS
ENFORCEMENT; SECRETARY UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-22-cv-04908)
District Judge: Honorable Madeline C. Arleo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 2, 2024

Before: KRAUSE, CHUNG, and AMBRO, *Circuit Judges*.

(Filed:  May 8, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

After being removed from this country and reentering without documentation, Appellant Landor Vallejo Amores was arrested and his order of removal reinstated. He now seeks habeas relief on the ground that the conviction on which the removal order rests was obtained in violation of his Sixth Amendment right to effective assistance of counsel. Because we lack jurisdiction to entertain Vallejo Amores's habeas petition, we will affirm the District Court's dismissal.

## DISCUSSION[1]

Vallejo Amores, an Ecuadorian national, came to the United States as a teenager and overstayed his visa. After marrying and applying for permanent residency, he was arrested on drug-related charges and, having been incorrectly informed by counsel that he would not face removal proceedings for pleading guilty, entered such a plea in New Jersey Superior Court in 1999. The Government subsequently brought removal proceedings against him, and Vallejo Amores was removed from the country in 2000.

Vallejo Amores unlawfully reentered the country in 2001. For many years he lived in New Jersey without incident, and he now has six children, all of whom are U.S. citizens. In January 2020, Immigration and Customs Enforcement arrested him, and his prior removal order was reinstated. In response, Vallejo Amores filed a collateral challenge to his earlier conviction, alleging ineffective assistance of counsel. Soon after,

---

[1] As this opinion explains, neither we nor the District Court possess jurisdiction to hear this case. We do, however, have jurisdiction to assess our own jurisdiction, *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 429 n.10 (3d Cir. 2016), and we review questions of law de novo, *George v. Rehiel*, 738 F.3d 562, 571 (3d Cir. 2013).

the New Jersey Superior Court allowed him to withdraw his guilty plea. Citing that withdrawal, Vallejo Amores filed a federal habeas petition pursuant to 28 U.S.C. § 2241 arguing that the federal courts should vacate his reinstated removal order because to remove him based on an unlawfully obtained conviction would "constitute a gross miscarriage of justice." App. 17. The District Court summarily dismissed the petition.

Like the District Court, we cannot provide Vallejo Amores the relief he seeks because Congress has stripped us of jurisdiction to hear his petition, and the Suspension Clause does not permit us to override this legislative choice. In the Real ID Act of 2005, Congress adopted 8 U.S.C. § 1252(a)(5), which prohibits federal courts from considering habeas petitions challenging orders of removal. Under that provision, "a petition for review [of the Board of Immigration Appeals' denial of relief] filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). But Vallejo Amores did not file a petition for review; he filed a habeas petition, so neither we nor the District Court can review his challenge.

At this point, moreover, any petition for review would be untimely. Under the Real ID Act, a noncitizen looking to challenge his order of removal must file a petition for review within 30 days of the final order's date. 8 U.S.C. § 1252(b)(1). Importantly, this jurisdictional deadline does not reset when an order of removal is reinstated, but rather runs from the date of the *underlying* removal order, *Verde-Rodriguez v. Att'y Gen.*, 734 F.3d 198, 201, 203 (3d Cir. 2013), and those petitioners like Vallejo Amores who were first ordered removed before Congress established the 30-day deadline had until 30

3

days after the Real ID Act's passage to file, *Kolkevich v. Att'y Gen.*, 501 F.3d 323, 337 (3d Cir. 2007). Because Vallejo Amores filed his petition in August 2022, many years after the law's enactment, it is untimely.

Nor do the Real ID Act's strictures violate the Suspension Clause, which requires "a statute modifying the scope of habeas review" to provide a "habeas substitute" that "is neither inadequate nor ineffective to test the legality of a person's detention." *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 434 (3d Cir. 2016) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). This Court has previously determined that "the current regime, in which aliens may petition for review in a court of appeals but may not file habeas, is constitutional," as is the 30-day filing requirement. *Kolkevich*, 501 F.3d at 332, 336–38; *see also Verde-Rodriguez*, 734 F.3d at 204. And since then, the Supreme Court has held that the Suspension Clause, which historically protected against illegal custody, does not contemplate an asserted right to "enter or remain in a country." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1969 (2020). So regardless of what alternative procedure Congress has provided, the Suspension Clause cannot help Vallejo Amores here.

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court dismissing Vallejo Amores's habeas petition for lack of jurisdiction.